IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

VICENTE PRIETO,

        Plaintiff,

v.                                                       No. CIV 03-1385 BB/RLP

TORTILLA, INC.,
d/b/a Garduño's Tortilla N Tequila JT,

        Defendant.

MEMORANDUM OPINION
AND
ORDER REOPENING CASE AND LIFTING STAY

PLAINTIFF filed suit in this court seeking relief under the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 26-11 *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.* This Court stayed the proceedings when Defendant invoked its Dispute Resolution Agreement ("Agreement"). Arbitration was held on January 19, 2006.

On March 15, 2006, the arbitrator issued his opinion finding that: Defendant had not violated the ADA but that Plaintiff Prieto's FMLA rights were violated; awarding Plaintiff lost wages of $7, 042.36, unpaid vacation pay of $270.86, interest of $1,608.30 (plus accruing interest), liquidated damages of $8,978.90 (plus accruing interest from date of award if not paid by May 14, 2006), and awarding attorney's fees of $16,012.50 (including tax). (Arbitrator's Award) Plaintiff now seeks to reopen the case, lift the stay, confirm the arbitrator's award, and grant partial judgment. Plaintiff maintains this Court must also now address Plaintiff's claim for equitable relief. Defendant agrees the arbitrator's award should

be confirmed but contends a final judgment should be entered thereon and the file closed. Alternatively, Defendant would remand to the arbitrator for clarification and withhold judgment until ambiguities in the Arbitrator's Award regarding equitable relief are addressed.

### *Standard of Review of Arbitrator's Award*

To confirm an arbitration award under the FAA, a federal court must have both subject matter jurisdiction over the underlying cause (here, the FMLA) and another "level of subject matter jurisdiction for confirmation under the FAA." *Oklahoma City Assocs. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 793-94 (10th Cir. 1991). This Court has subject matter jurisdiction over Prieto's FMLA claim for equitable relief as a federal question authorized by 28 U.S.C. § 1331. It also has subject matter jurisdiction to confirm the arbitration award and grant partial judgment thereon under both the FMLA and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

An arbitration award is to be confirmed by the district court unless it is (1) procured by fraud; (2) the arbitrator has refused to consider necessary evidence; or (3) the arbitrator has exceeded his power in making the award. 9 U.S.C. § 10; *Denver & Rio Grande Western R. Co. v. Union Pacific R. Co.*, 119 F.3d 847, 849 (10th Cir. 1997) ("Once a dispute is properly before an arbitrator, the function of the courts in reviewing the arbitrator's decision is quite limited."). The Court will review the award under these criteria.

### *Discussion*

The Arbitration Agreement sets the parameters of the arbitrator's powers. *Blue Tee Corp. v. Koehring Co.*, 999 F.3d 633 (2d Cir. 1993). Here, the Agreement provides:

1. **<u>Claims Covered by this Agreement include, but are not limited to:</u>**
   - **Claims for wages or other compensation due;**
   - **Claims for breach of any contract (express or implied);**
   - **Tort claims;**
   - **Claims for discrimination (including, but not limited to, race, sex, religion, national origin, age, or medical condition, handicap or disability);**
   - **Claims for benefits (except where an employee benefit or pension plan spe3cifies that its claims procedure shall culminate in an arbitration procedure different from this one); and**
   - **Claims for violation of any f3ederal, state, or other governmental law, statute, regulation, or ordinance, except claims excluded in the following paragraph.**

2. **<u>Claims Not Covered by this Agreement:</u>**
   - **Claims the Employee may have for workers' compensation or unemployment compensation benefits;**
   - **Claims by the Employer for injunctive and/or equitable relief for unfair confidential information, as to which it is understood and agreed that the Employer may seek and obtain relief from a court;**
   - **Challenges to or requests to change, company policy, procedures, work rules, practices, pay levels, benefits, or work schedules;**
   - **Disagreement with job evaluations or performance appraisals;**
   - **The decision to create, fill, or eliminate position(s); and**
   - **Matters that do not state a claim recognized by law.**

As noted, the Award granted Plaintiff his lost back wages, vacation pay, liquidated damages, and interest. The arbitrator found that Plaintiff claimed Defendant "is liable to claimant for damages for lost wages and benefits, <u>front pay</u>, reasonable attorney's fees (sic) and, in lieu of <u>front pay, he is entitled to reinstatement</u>." Award at 5 ¶ 4 (emphasis added). The arbitrator found that "[t]he arbitration Agreement does not grant the Arbitrator that authority. No equitable relief is granted." (Award at 18)[1] The Tenth Circuit has recognized

---

[1] Since the Agreement grants the arbitrator authority to arbitrate "claims for violation of any federal, state or other governmental law, statute, regulation or ordinance ...," the arbitrator was possibly incorrect in this conclusion. However, an error interpreting the law is insufficient to set aside an award; rather, the challenger must demonstrate the arbitrator manifestly disregarded recognized law. *Sheldon v. Vermonty*, 269 F.3d 1202 (10th Cir. 2001); *BEM I, L.L.C. v. Anthropologie Inc.*, 301 F.3d 548 (7th Cir. 2002). Since some courts have calculated front pay following arbitration in employment disputes, *In re Continental Airlines*, 125 F.3d 120 (3d Cir. 1997), no such showing is present here.

both reinstatement and front pay as "equitable relief."  *Medlock v. Ortho Biotech, Inc.*, 164 F.3d 545, 556 n. 9 (10th Cir. 1999).

Defendant maintains that while the arbitrator recognized a lack of equitable power, he did in fact award front pay and the award should be confirmed or at the least that is ambiguous under the Award.  Under the rubric "Mitigation of Damage and Damages for Lost Wages, Vacation Pay and <u>Front Pay</u>" (emphasis added), the arbitrator held:

> Claimant only presented evidence of two job applications per week until January 27, 2004, usually on Tuesday, the day he visited the unemployment office.  Two applications was the minimum number of applications required to receive unemployment.
>
> The Arbitrator finds the maximum duration of Respondent's responsibility to pay Claimant's wages to Claimant should end twenty-six weeks beginning July 16, 2003.  Based upon the average hours bi-weekly, Claimant's damages for lost wages are $7,042.36 ($270.86 average weekly salary times twenty-six weeks).

Award at 17.

The issue then becomes whether the arbitrator intended to award front pay in spite of the language on the lack of equitable power.  "Front pay" normally begins from the time of judgment and is projected forward until the claimant will be "made whole."  II BARBARA LINDEMAN & PAUL GROSSMAN, EMPLOYMENT DISCRIMINATION LAW Ch. 41, p. 815 (BNA 1997); *see also Decorte v. Jordan*, 2005 WL 1431699 (E.D. La. 2005); *Patterson v. American Tobacco Co.*, 1976 WL 680 (E.D. Va. 1976).  Although he stated, "Employer is not responsible to indefinitely pay Claimant's wages," all the relief granted by the arbitrator here was "prejudgment."  (Award at 16)  His conclusions on compensatory pay are in the past tense. "Claimant failed to prove that he made a reasonable effort to obtain work or that he attempted

to obtain education in other skills." It is therefore clear the arbitrator did not intend to award front pay after the Award. Thus, the Court must reject Defendant's claim that the arbitrator actually awarded front pay. The Court must also reject the argument that since the arbitrator awarded no front pay, none is due. While the arbitrator's limitation on the duration of back pay is a factor in considering whether front pay is appropriate,[2] front pay may be legally appropriate even where back pay is limited. *Escobar v. Spartan Security Serv.*, 281 F. Supp. 2d 895 (S.D. Tex. 2003).

## O R D E R

For the above stated reasons, the Court will reopen the case, lift the stay, and consider possible equitable relief including reinstatement or front pay.

SO ORDERED this 5th day of September, 2006.

**BRUCE D. BLACK**
**United States District Judge**

For Plaintiff:
   Gregory Acton, ACTON LAW OFFICE, Albuquerque, NM

For Defendant:
   Daniel A. Ivey-Soto, THE IVEY-SOTO LAW FIRM, Albuquerque, NM

---

[2] *Sellers v. Delgado College*, 902 F.2d 1189 (5th Cir. 1990).